(C.D. 2744)

J. E. BERNARD & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 8, 1966)

*Schwartz & Lidstrom* (*Joseph Schwartz, Earl R. Lidstrom,* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Richard J. Kaplan* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case involves the classification for duty purposes of certain merchandise described on the invoices accompanying the entries herein as "Pistol Grips for movement film camera for photographic equipment." The collector of customs classified the devices as articles or wares, not specially provided for, whether partly or wholly manufactured, composed wholly or in chief value of aluminum, within the purview of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and imposed duty thereon at the rate of 19 per centum ad valorem.

It is the contention of plaintiff herein that said articles should properly have been classified as parts of motion-picture cameras within the provision therefor in paragraph 1551 of said act, as modified by the Trade Agreement with Switzerland, 90 Treas. Dec. 174, T.D. 53832, for which duty at the rate of 15 per centum ad valorem is provided.

The competing statutory provisions are here set forth:

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum \* \* \*:

\*     \*     \*     \*     \*     \*     \*

Not wholly or in chief value of tin or tin
plate:
      Carriages, drays * * *.

\*      \*      \*      \*      \*      \*      \*

      Other, composed wholly or in
        chief value of iron, steel, brass,
        bronze,    zinc,    or    alumi-
        num * * * _____ 19% ad val.

Paragraph 1551 of said act, as modified by the Trade Agreement with Switzerland, *supra:*

Photographic cameras and parts thereof, not specially
   provided for:
      Motion-picture cameras and parts thereof_____ 15% ad val.

Only one witness was called to testify—Douglas Fletcher, who appeared on behalf of plaintiff. Fletcher stated that he is a product manager for the Bell & Howell Company's 8 millimeter movie equipment division. As such, he is involved in design, product engineering, and consumer liaison. He has been with the company for 6½ years. Although presently product engineer, he was formerly employed as the district sales manager for north Texas and Oklahoma.

Fletcher described the function and operation of exhibit 1, a representative sample of the pistol grips in issue which had been received in evidence, and exhibit 2, a pistol grip described as similar to the imported articles but attached to an 8 millimeter camera. The witness stated a pistol grip is screwed into the tripod socket at the bottom of a camera by means of one large screw. At the same time, an extension of the pistol grip clamps over the starting switch on the side of the camera. By pressing the trigger of the pistol grip, the starting switch or button on the camera is moved by means of a mechanical linkage and the mechanism of the camera is thus activated. Fletcher stated that, when a pistol grip is attached, the camera can be operated only by pressing the trigger. The witness further stated that the pistol grip can be used only with the camera for which it is designed and that it has no use apart from such camera. The principal advantages derived from the use of pistol grips are increased steadiness when using the zoom lens with which the cameras are equipped and for consumer convenience in operating the equipment. It was Fletcher's testimony that Bell & Howell 8 millimeter cameras are usually sold with pistol grips, but that pistol grips are also sold separately.

Predicated on the foregoing basic evidence, plaintiff herein seeks reclassification of the imported pistol grips in issue as parts of motion-picture cameras in paragraph 1551 of the Tariff Act of 1930, as modified by the Trade Agreement with Switzerland, *supra.*

The resolution of the instant controversy lies in determining whether the pistol grips before the court constitute "parts" in the tariff sense of the motion-picture cameras with which they are used.

An analogous situation was presented in the case of *Gallagher & Ascher Company* v. *United States*, 52 CCPA 11, C.A.D. 849, wherein the Court of Customs and Patent Appeals held that auxiliary heaters for use in Volkswagen automobiles, which had been classified as articles having as an essential feature an electrical element or device in paragraph 353 of the Tariff Act of 1930, as modified, were in fact and in law properly classifiable for customs duty purposes as parts of automobiles in paragraph 369 of said act, as modified. The court, in that case, reviewed a number of cases involving "parts" of articles, some of which have been cited and referred to in the briefs of parties to the present controversy, and was impelled to the conclusion that the auxiliary heaters were parts of automobiles for two reasons, namely, the fact that said heaters were dedicated to a sole use and "for no other use," and the fact that the heaters served a useful function and were necessary to the efficient operation of the articles to which they were joined.

In the record before us, there is uncontradicted testimony that the imported pistol grips are specifically designed for use with Bell & Howell 8 millimeter cameras; that each type of pistol grip is constructed to fit a specific camera model; and that the pistol grips have no other use.

The record before the court further discloses that, when a pistol grip is attached, the operating button or switch on the camera can be manipulated only with the trigger of the pistol grip.

The factors of dedication to use and essentiality when affixed which controlled the decision in the *Gallagher & Ascher* case, *supra*, prove to be of equal influence in leading this court to the conclusion that the pistol grips here in issue should properly have been classified as parts of motion-picture cameras within the purview of paragraph 1551 of the Tariff Act of 1930, as modified by the Trade Agreement with Switzerland, *supra*, and subjected to duty at the rate of 15 per centum ad valorem, as claimed by plaintiff. The court so holds.

Judgment will be entered accordingly.